**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHELE MILLER,

                Plaintiff,

vs.

LONGS DRUGS DBA CVS HEALTH, et al.,

                Defendants.

Case No. 2:22-cv-01150-JAD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 2) AND COMPLAINT (ECF NO. 2-1)

      This matter involves Michele D. Miller's employment-discrimination action against Longs Drugs DBA CVS Health (CVS Health). Before the court is Miller's application to proceed in forma pauperis and complaint. For the reasons stated below, Miller's application to proceed in forma pauperis is granted, her complaint is dismissed without prejudice, and she is directed to file an amended complaint.

**BACKGROUND**

      Plaintiff Michele D. Miller, an African American woman over the age of 50, alleges that her previous employer, Longs Drugs DBA CVS Health (CVS Health) discriminated against her based on her race and age. ECF No. 2-1 at 5, 7-10, 12-15. She claims that between July 2019 and March 2020, her managers at CVS Health, (1) discriminated against her based on her age and race, (2) subjected her to a hostile work environment, (3) retaliated against her, (4) denied her opportunities to be promoted, and (5)

subjected her to workplace harassment. *Id.* at 7-10, 12-14. Ultimately Miller was fired from CVS Health on March 4, 2020. *Id.* at 13-14.

Miller claims the real reason she was fired was her race, being the only African American woman on her team. *Id.* at 5, 7-10, 12-14. She supports this claim with the assertion that her manager, Casey Johnson, gave another employee—a female of unknown origin—preferential treatment. *Id.* at 8. Miller mentions an incident where she found a "monkey shaped" stain on her cubicle. *Id.* at 7. She claims that management did not take the incident seriously and it took 10 days for her to get a new cubicle. *Id.* at 7-8. Miller claims that clients who provided her with negative reviews were white women. *Id.* at 8. She claims that another employee, Paulette Illio, filed a false complaint against, accusing Miller of using derogatory language towards the LGBTQ community and engaging in Sexual Harassment. *Id.* at 10, 12.

Miller claims that managers at CVS Health retaliated against her for challenging one of her corrective actions. *Id.* CVS Health investigated the claim Paulette Illio filed against Miller and found that she had not violated any company policy. *Id.* at 10. Believing the allegations to be false, Miller contacted CVS Health Advice and Counsel several times. *Id.* at 10, 12. After being informed that she did not violate any company policy, Miller believes Casey Johnson retaliated against her by filing an unfounded disciplinary action. *Id.* at 12. CVS Health fired Miller on March 4, 2020. *Id.* at 13.

Miller filed a charge with the Equal Employment Opportunity Commission on March 28, 2020. *Id.* at 5. The Commission issued a Notice of Right to sue letter, which Miller received on May 31, 2022, and she filed her complaint with this Court on July 17, 2022. *Id.* at 5-6.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

2

## I. MILLER MAY PROCEED IN FORMA PAUPERIS

The court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. 1915(a)(1). A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations emitted).

Miller's in forma pauperis application states that her take home pay amounts to $1879.00 biweekly. ECF No. 2 at 1. However, Miller's application states she has substantial expenses, and is the sole provider for her mother. *Id.* at 2. Miller states she has total of $96.50 in both her checking and savings account. *Id.* Accordingly, Miller's application is granted.

## II. WHETHER MILLER STATES A PLAUSIBLE CLAIM

After a court grants a plaintiff in forma pauperis status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. See 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, federal courts are given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's review of Miller's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) states that a complaint "that states a claim for relief must contain ... a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's

3

requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

Where a pro se litigant is involved, courts are directed to hold the litigant to "less stringent standards*." See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation*." Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir.2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir.1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995) (citation omitted).

Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, prohibit employment discrimination based on race, color, religion, sex, national origin, age, or disability. While Congress has authorized individuals and the Equal Employment Opportunity Commission (EEOC) to bring suits to enforce these statutes when certain conditions are met, "[c]ooperation and voluntary compliance were selected as the preferred means for achieving th[e] goal" of equal employment opportunity. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44 (1974).

Toward that end, Congress established an enforcement procedure, granting the EEOC the "authority to bring a civil action in federal court." *Occidental Life Ins. Co. v. Equal Emp't Opportunity Comm'n,* 432 U.S. 355, 359 (1977). To bring the action to federal court, first, a charge of discrimination must be "filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission" alleging an "unlawful employment practice." 42 U.S.C. § 2000e–5(b). The charge of discrimination must be filed with the relevant administrative agency within 180 days of the last action of discrimination. Second, upon receipt of the charge, the Commission "shall serve a notice of the charge ... on such employer" and "shall make an investigation thereof." *Id.* If, as here, the administrative agency dismisses the charge, the plaintiff has 90 days from the date that the administrative agency issues a right-to-sue letter to commence an action in federal court. 42 U.S.C. § 2000e–5(e)(1).

Miller filed her complaint in a timely manner. CVS Health fired Miller on March 4, 2020 and she filed her discrimination charge with the EOC twenty-four days later on March 28.  The Commission issued a right to sue letter, which Miller received on May 31, 2022. Miller filed her complaint with this Court on July 17, 2022.

## A. MILLER'S ALLEGATIONS THAT CVS DISCRIMINATED AGAINST HER BASED ON HER RACE ARE LEGALLY INSUFFICIENT

When an aggrieved employee commences an action in federal court, he or she may only litigate claims that were included in the administrative charge. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990); see also *Pope v. Motel*, 6, 114 P.3d 277, 280–81 (Nev.2005) (applying same exhaustion standard to discrimination claims before the Nevada Equal Rights Commission). Here, Miller commenced a timely action alleging that CVS Health discriminated against her based on her age and race. (See generally reference). Each claim is addressed in turn.

Miller alleges that the CVS Health discriminated against her based on her race. To state a prima facie case of discrimination in violation of Title VII, the Plaintiff must allege: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).

Miller is an African American woman and does fall into a protected class. The complaint does not state what role Miller had with CVS Health and does not allege that she was qualified for the position. Miller does not explain how similarly situated employees received more favorable treatment. The complaint mentions another employee, Paulette Illio, who Miller alleges received favorable treatment. ECF No. 2-1 at 8. However, Miller states that Paulette is of "unknown origin." *Id.* The facts stated in the complaint, do not adequately allege how similarly situated employees, not in her protected class, received more favorable treatment.

### B. MILLER'S COMPLAINT FAILS TO STATE AN AGE DISCRIMINATION CLAIM

Miller alleges that CVS Health discriminated against her based on her age. To state a prima facie case for age discrimination under the ADEA, the Plaintiff must plausibly allege, and she was "(1) at least forty years old, (2) performing her job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir.2008). Miller's complaint does not satisfy these elements. Miller is over 50 years old. ECF No. 2-1 at 4. However, Miller's complaint states that she received complaints from clients about her work. *Id.* at 8. CVS Health did discharge Miller on March 4, 2020, but the complaint does not include an allegation that the termination was due to her age. Miller does not allege that she was replaced by someone younger with inferior qualifications.

### C. MILLER'S ALLEGATIONS THAT CVS HEALTH RETALIATED AGAINST HER ARE LEGALLY INSUFFICIENT

Miller has not alleged any facts to suggest that she has engaged in any protected activity under the opposition clause or the participation clause of 42 U.S.C. § 2000e–3(a), which outlines the acts an employer is prohibited from retaliating against. "To establish a prima facie case of retaliation, a plaintiff "must establish that (1) he undertook a protected activity under Title VII, (2) his employer subjected him to an adverse employment action, and (3) there is a causal link between those two events.*" McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 646 (9th Cir. 2003), as amended (Jan. 2, 2004)). The Court has supplemental jurisdiction over plaintiff's state law discrimination claim (NRS 613) because she has demonstrated that the Court has jurisdiction over her Title VII claims. 28 U.S.C. § 1367(a). "In order to establish subject matter

jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies...by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002), citing 42 U.S.C. § 2000e–5(b).

In her complaint, Miller alleges that her manager Casey Johnson and Paulette Illio conspired to have her investigated. ECF No. 2-1 at 12. After the incident was investigated, Miller claims that Casey Johnson issued her a disciplinary action. *Id.* at 12.  Miller's application confuses the issue about when and how the retaliation occurred. Reading through the complaint it appears that two corrective actions were taken against her, one sometime between January 22-28 and another February 4, 2020. *Id.* at 10, 12. Before this incident, Miller had two other corrective actions against her, independent of these events. *Id.* at 7-10, 12. Miller alleges that Casey Johnson assisted her in filing EEOC claims while she was employed at CVS Health. *Id.*  Thus, the facts in the complaint fail to adequately allege a prima facie case of retaliation.

### D. MILLER'S ALLEGATIONS THAT CVS HEALTH SUBJECTED HER TO A HOSTILE WORK ENVIRONMENT ARE LEGALLY INSUFFICIENT

Hostile work environment is a theory of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Manatt v. Bank of Am., NA,* 339 F.3d 792, 797 (9th Cir. 2003). To state a claim for hostile work environment, a plaintiff must allege that: "(1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. In considering whether the discriminatory conduct was severe or pervasive, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

interferes with an employee's work performance." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 & n.3 (9th Cir. 2008).

Miller's complaint describes many incidents, arranged by date about her brief tenure at CVS Health. *Id.* at 7-10, 12-14. But none of the claims meet any of the three prongs to establish a hostile workplace environment. Nowhere in the complaint does Miller state that she was subjected to any verbal or physical abuse by CVS Health employees. Miller points out how clients (not employees of CVS Health) complained about her behavior, which caused her supervisor to write her up. ECF No. 2-1 at 7. The only other direct incident listed in Miller's complaint was the monkey shaped stain found on her cubicle. *Id.* However, the complaint makes a couple of things clear: (1) a manager did not think that the stain resembled a monkey and (2) Miller was moved to another cubicle and the stain removed. *Id.* at 7-8.

### E. MILLER'S ALLEGATIONS THAT CVS HEALTH DENIED HER OPPORTUNITES FOR PROMOTION HER UNDER TITLE VII ARE LEGALLY INSUFFICIENT

Under Title VII, failing or refusing to promote an employee because of his or her race, color, national origin, sex, or religion is an unlawful employment practice. In order to make prima facie case for a Title VII failure to promote claim, a plaintiff must show that (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff. *Henry v. McDonough*, 2021 WL 6052409, \*\*8-9 (D. Hawai'i Dec. 21, 2012), citing *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Read liberally, Miller's complaint implies that CVS failed to promote because of her race. Miller is an African American woman and does fall into a protected class under Title VII. However, Miller's

complaint does not state that she applied for and was denied a promotion. ECF 2-1 at 7-10, 12-14. Miller discusses how she wanted to be promoted and sought out mentors to help her but not that she applied for some promotion. *Id.* at 10.  Thus, Miller needs to amend her claim and state how CVS Health denied her opportunities to be promoted.

### F.  MILLER'S COMPLAINT FAILS TO STATE A HARRASMENT CLAIM

With respect to Workplace Harassment, Miller has failed to state a claim.  She does not specify what kind of harassment she endured, when it occurred, or who was responsible for the harassment. ECF 2-1 at 7-10, 12-14.

ACCORDINGLY,

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Miller's claim against CVS HEALTH be DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff shall have until November 7, 2022 to file her amended complaint, if she believes she can correct the noted deficiencies regarding her race-discrimination and age discrimination claims. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 11th day of October 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE