**MICHELE D MILLER, PRO PER**
3980 SUNSET DRIVE
MONTGOMERY, ALABAMA 36109
334-549-1308 | Fax
mmiller143@hotmail.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**COMPLAINT AND JURY DEMAND**

| | |
|---|---|
| MICHELE DANISE MILLER, | **CASE NO. 2:22-CV-001150-JAD-VCF** |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| LONG DRUGS DBA CVS HEALTH, et al., | |
| Defendant | |

**COMES NOW,** Plaintiff, MICHELE MILLER by Pro Per, and hereby complains of Defendants and each of them as follows:

**PARTIES AND JURISDICTION**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C § 1981) and Title 29 USC § 623. The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights guaranteed by federal law, which rights provide for relief for illegal discrimination in employment.
2. Plaintiff's an adult, competent female who was formerly employed by the defendants in Summerlin, Clark County, State of Nevada. Plaintiff is a citizen of the United States, and she currently resides in Montgomery, Montgomery County, State of Alabama.
3. Defendant, Long Drugs of California dba CVS Health, was at all times alleged herein plaintiff's employer.
4. All conduct and discriminatory actions as alleged herein occurred in Clark County, Nevada.

5. On or about June 27, 2020, plaintiff filed a Complaint of discrimination based on race, age, and retaliation with Nevada Equal Rights Commission ("NERC"). Plaintiff's last day of employment with defendant was March 4, 2020; therefore, the NERC Complaint was timely filed with in the 180 days. May 31, 2022, the Nevada Equal Rights Commission issued a Notice of Right to Sue letter. The same was forwarded to plaintiff and her counsel on May 31, 2022. This original complaint was filed July 17, 2022, which is within the 90 days of issuance of the right-to-sue letter. This is the original complaint.

6. Plaintiff hereby makes demand for a jury trial relative to all issues so triable.

7. At all times mentioned herein defendant employed five hundred (500) or more employees on a full-time basis for in excess of twenty (20) weeks per year.

8. This Court has subject matter jurisdiction over this case pursuant to Title VII of the 1964 Civil Rights Act, as amended in 1991, Title 42 U.S.C. §§ 1981 and 2000a et seq. Title 29 USC § 623

**FIRST CAUSE OF ACTION**
Violation of Title VII – Race Color Discrimination
(Hostile Work Environment)

9. Plaintiff incorporates by this reference each, and every allegation set forth in paragraphs 1 through 8, inclusive, as set forth above as through the same were set forth herein in their entirety.

10. Plaintiff is an adult, competent female. She commenced employment with CVS Health on May 20, 2019, as a Client Liaison Coordinator. Plaintiff was the only African American over 50 under on client support team supervisor Casey Johnson.

11. Plaintiff was discriminated against and treated differently because of her age, and race. She was subjected to different terms and conditions of employment than her team, peers, other employees of call center who were of similar and higher levels and position at CVS Health.

12. Other discriminatory acts included, but were not limited to the following:
    a. Plaintiff was singled out, criticized, humiliated and maliciously verbally attacked after plaintiff notified management about a monkey stain on her cubicle wall.

    In retaliation, an unwarranted corrective action level II and III was filed against plaintiff and placed into her Human Resource file.

    b. Plaintiff was singled out and told by her supervisors that if she had any complaints or recommendations regarding corrective actions, client complaints and unfair treatment in the workplace, she had to reduce the same in writing and submit it to management or submit documentation of her peers' wrongdoing. Similarly situated non-African American and under 40 were allowed to submit their complaints and recommendations orally to management.

13. The above-described conduct to which Plaintiff was subjected, by her supervisors, was severe and malicious in manner.

14. Additionally, Plaintiff has suffered emotional and monetary damages as a result of Defendant's actions, according to prove at trial.

15. Plaintiff alleges that the unlawful employment practice and discrimination as alleged herein was committed by defendant, and each of them intentionally, and reckless disregard for the consequences to Plaintiff, thereby entitling Plaintiff to an award of punitive and exemplary damages.

## SECOND CAUSE OF ACTION
(Hostile/Offensive Work Environment)
(Age Discrimination Title 29 USC § 623)

16. Plaintiff incorporates by this reference each, and every allegation set forth in paragraphs 1 through 15, inclusive, as set forth above as though the same were set forth herein in their entirety.

17. Plaintiff was subjected to an age bias and discrimination in terms of working conditions and work environment in which a reasonable person, similarly situated, would have found to be hostile, offensive and discriminatory in practice. Plaintiff's work environment became age bias when the supervisor added a much younger employee from a different department to assist with the workload. The younger employee was given plaintiff's work assignments. Plaintiff apprised her supervisor of her work assignments being reassigned without supervisor's authorization. Although there were no complaints about the quality of plaintiff's work; however, the younger employee made lots of errors.

The supervisor and management made no effort to stop said activities, and the age discrimination continued, in fact it escalated.

### THRID CAUSE OF ACTION
(Retaliation/Workplace Harassment)

18. Plaintiff incorporates by this reference each, and every allegation set forth in paragraphs 1 through 22, inclusive, as set forth above as though the same were set forth herein in their entirety.

19. Plaintiff applied to other positions outside of supervisor's team and business unit. When plaintiff notified supervisor of plaintiff's intentions, management, along with Paulette Illio (similar situated employee) conspired with supervisor to have plaintiff suspended from work on an outright lie of reverse discrimination and sexual harassment charges. These charges were filed with CVS Health advice and counsel the human resource policy regulatory arm of the company which directly impacted plaintiff's ability to promote out of department.

20. Plaintiff informed management about the way she was being treated, the defamation of my character and expressed to supervisors she was being discriminated against. Management retaliated against plaintiff with another unfounded corrective action level III without documentation.

21. Plaintiff informed management about the way she was being singled out by her supervisor and discriminated against as more particularly set forth. Plaintiff notified CVS Health advice and counsel the human resource policy regulatory arm of the company. Management and advice and counsel did nothing to stop the severe and pervasive behavior, and, in fact, the behavior accelerated in its frequency and intensity following the lodging of the Plaintiff's complaints with advice and counsel. Plaintiff is informed and believes and therefore alleged that the conduct, in addition to being discriminatory, retaliatory in nature.

22. Plaintiff was terminated from her employment by her supervisor. That termination was pretextual in nature and in fact constituted further evidence of a hostile work environment, and retaliation.

## PRAYER FOR RELIEF

WHEREFORE,    Plaintiff prays for relief as follows:

1. For compensatory damages according to proof pursuant to Title 42 U.S.C. § § 1981 and 2000a, et seq.; Title 29 USC § 623 as a result of racial, age, discrimination and retaliation as set forth above, including but not limited to:

    a. Front pay:

    b. Back pay:

    c. Compensation for loss of benefits; and

    d. Emotional suffering.

2. For punitive damages pursuant to Title 42 U. S. C. § § 1981 and 2000a, et seq. and Title 29 USC § 623.

3. For attorney's fees and costs of suit herein; and

4. For such further relief as this Court deems proper under the circumstances.

Dated this 24th of October 2022.

*Michele W. Miller*

**Michele D Miller, Pro Per**
3980 Sunset Drive
Montgomery, Alabama 36109
334-549-1308