**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

MICHELE MILLER,

          Plaintiff,

vs.

LONGS DRUGS DBA CVS HEALTH, et al.,

          Defendants.

Case No. 2:22-cv-01150-JAD-VCF

**ORDER**

AMENDED COMPLAINT (ECF No. 2-1)

    This matter involves Michele D. Miller's employment-discrimination action against Longs Drugs DBA CVS Health (CVS Health). Before the court is Miller's amended complaint. For the reasons stated below, the court orders that Miller may proceed with her claims.

**BACKGROUND**

    Plaintiff Michele D. Miller filed a charge with the Nevada Equal Rights Commission on or about June 27, 2020. ECF 6 at 2. The Commission issued a Notice of Right to sue letter, which Miller received on May 31, 2022, and she filed her complaint with this Court on July 17, 2022. *Id*. This court denied her original complaint without prejudice and ordered her to file an amended complaint on October 10, 2022. ECF 5. Miller filed her amended complaint on October 26, 2022. ECF 6.

    Plaintiff Michele D. Miller, an African American woman over the age of 50, alleges that her previous employer, Longs Drugs DBA CVS Health (CVS Health) discriminated against her based on her race and age. ECF 6 at 2-4. She claims that between May 2019 and the time when she was

terminated in 2020, her managers at CVS Health, (1) discriminated against her based on her age and race, (2) subjected her to a hostile work environment, (3) retaliated against her, and (4) subjected her to workplace harassment. *Id.* Ultimately Miller was fired from CVS Health. *Id.*

Miller claims the real reason she was fired was her race, being the only African American woman over 40 on her team. *Id.* at 3. She supports this claim with the assertion that she was subject to different rules than other similarly situated non-African American employees. *Id.* Miller claims that while other employees could submit complaints and recommendations to management orally, she was told she had to submit her complaints in writing. *Id.*

Miller claims that managers at CVS Health retaliated against her for complaining about a "monkey stain" on her cubicle and for attempting to transfer out of her team. *Id.* 2-4. After notifying management, she received unwarranted disciplinary actions. *Id.* at 3. Sometime later, when Miller was applying to positions outside the team, her supervisor conspired with another employee to have Miller suspended from work. *Id.* Miller claims that her supervisor and the other employee, Paulette Illio, filed false reverse discrimination and sexual harassment charges with CVS Health advice and counsel against her. *Id.* 4. Miller asserts that after informing her supervisors of these false charges they retaliated again with another unfounded corrective action. *Id.*  CVS Health fired Miller on March 4, 2020. *Id.* at 2.

Miller filed a charge with the Equal Employment Opportunity Commission on March 28, 2020. *Id.* at 5. The Commission issued a Notice of Right to sue letter, which Miller received on May 31, 2022, and she filed her complaint with this Court on July 17, 2022. *Id.* at 5-6. This court denied her original complaint without prejudice and ordered her to file an amended complaint on October 10, 2022. ECF 5. Miller filed her amended complaint on October 26, 2022. ECF 6.

2

## DISCUSSION

Plaintiff's filing presents the court with a single question, whether plaintiff's complaint states a plausible claim for relief.

### I.   WHETHER MILLER STATES A PLAUSIBLE CLAIM

After a court grants a plaintiff in forma pauperis status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. See 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Specifically, federal courts are given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's review of Miller's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) states that a complaint "that states a claim for relief must contain ... a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *Id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

3

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

Where a pro se litigant is involved, courts are directed to hold the litigant to "less stringent standards.*" See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation.*" Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir.2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir.1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995) (citation omitted).

Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990, prohibit employment discrimination based on race, color, religion, sex, national origin, age, or disability. While Congress has authorized individuals and the Equal Employment Opportunity Commission (EEOC) to bring suits to enforce these statutes when certain conditions are met, "[c]ooperation and voluntary compliance were selected as the preferred means for achieving th[e] goal" of equal employment opportunity. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 44 (1974).

Toward that end, Congress established an enforcement procedure, granting the EEOC the "authority to bring a civil action in federal court." *Occidental Life Ins. Co. v. Equal Emp't Opportunity Comm'n,* 432 U.S. 355, 359 (1977). To bring the action to federal court, first, a charge of discrimination must be "filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission" alleging an "unlawful employment practice." 42 U.S.C. § 2000e–5(b). The charge of discrimination must be filed with the relevant administrative agency within 180 days of the last action of discrimination. Second, upon receipt of the charge, the Commission "shall serve a notice of the charge ... on such employer" and "shall make an investigation thereof." *Id.* If, as here, the administrative agency dismisses the charge, the plaintiff has 90 days from the date that the administrative agency issues a right-to-sue letter to commence an action in federal court. 42 U.S.C. § 2000e–5(e)(1).

Miller filed her complaint in a timely manner. CVS Health fired Miller on March 4, 2020 and she filed her discrimination charge with the EOC twenty-four days later on March 28. The Commission issued a right to sue letter, which Miller received on May 31, 2022. Miller filed her complaint with this Court on July 17, 2022. The court ordered her to amend her complaint on October 10, 2022. Miller filed her amended complaint on October 26, 2022.

### A. MILLER'S ALLEGATIONS THAT CVS DISCRIMINATED AGAINST HER BASED ON HER RACE ARE LEGALLY SUFFICIENT

When an aggrieved employee commences an action in federal court, he or she may only litigate claims that were included in the administrative charge. *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990); see also *Pope v. Motel*, 6, 114 P.3d 277, 280–81 (Nev.2005) (applying same exhaustion standard to discrimination claims before the Nevada Equal Rights Commission). Here, Miller commenced a timely action alleging that CVS Health discriminated against her based on her age and race. (See generally reference). Miller's amended complaint has confusing headers. Under her title of

"Race Color Discrimination" she has "Hostile Work Environment" in parentheses. Read liberally, this would mean that Miller is alleging both racial discrimination and a hostile work environment. Each claim is addressed in turn.

Miller alleges that the CVS Health discriminated against her based on her race. To state a prima facie case of discrimination in violation of Title VII, the Plaintiff must allege: (1) she belonged to a protected class; (2) she was qualified for her job; (3) she was subjected to an adverse employment action; and (4) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).

Miller is an African American woman and does fall into a protected class. Miller worked for CVS Health as a Client Liaison Coordinator. ECF 6 at 2. Miller claims in her amended complaint that she was competent and qualified for the role. ECF 6 at 2. She claims was subjected to adverse employment action by being humiliated, verbally attacked, and retaliated against by management. *Id.* at 2-3. And Miller claims that CVS management subjected her to different terms and conditions of employment than other people on her team and for her role. *Id.* Miller claims that management informed her that if she had any work complaints, they must be submitted to management in writing. *Id.* Other similarly situated employees who are not African American and under 40 years of age were allowed to submit their complaints orally to management. *Id.* at 3. The facts stated in the complaint, do adequately allege how similarly situated employees, not in her protected class, received more favorable treatment.

6

### B. MILLER'S COMPLAINT FAILS TO STATE AN AGE DISCRIMINATION CLAIM

In her second cause of action, Miller alleges both a "Hostile/Offensive Work Environment" and "Age Discrimination Title 29 USC § 623". Read liberally, this means that Miller alleges both a hostile work environment and age discrimination. Here the court addresses Miller's age discrimination claim.

Miller alleges that CVS Health discriminated against her based on her age. To state a prima facie case for age discrimination under the ADEA, the Plaintiff must plausibly allege, and she was "(1) at least forty years old, (2) performing her job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir.2008). Miller's complaint satisfies these elements.

Miller is over 50 years old. ECF 6 at 2. In her amended complaint, Miller states that there were no complaints about the quality of her work. *Id.* at 3. CVS Health did discharge Miller on March 4, 2020, but the amended complaint does not include an allegation that the termination was due to her age. Nor does Miller does not allege that she was replaced by someone younger with inferior qualifications. In the amended complaint, Miller does state that management gave some of her work to a younger employee to "assist with workload" and that the younger employee "made lots of errors." *Id*. at 3. According to Miller, this younger employee was doing some of Miller's work without supervisor authorization. *Id.* at 3.  After informing management that the younger employee was given Miller's work without supervisor authorization, management did nothing to rectify the situation. *Id.* at 4. Miller notes in her complaint that prior to the younger employee coming to assist her, there were no complaints about her work quality. *Id.* at 4.  Read liberally, the facts presented in the amended complaint would "give rise to an inference of age discrimination."

## C. MILLER'S ALLEGATIONS THAT CVS HEALTH RETALIATED AGAINST HER ARE LEGALLY SUFFICIENT

Miller has alleged facts to suggest that she has engaged in any protected activity under the opposition clause or the participation clause of 42 U.S.C. § 2000e–3(a), which outlines the acts an employer is prohibited from retaliating against. "To establish a prima facie case of retaliation, a plaintiff "must establish that (1) [she] undertook a protected activity under Title VII, (2) [her] employer subjected [her] to an adverse employment action, and (3) there is a causal link between those two events.*" McGill v. McDonald*, 237 F. Supp. 3d 1049, 1056 (D. Nev. 2017) (quoting *Vasquez v. Cty. of Los Angeles,* 349 F.3d 634, 646 (9th Cir. 2003), as amended (Jan. 2, 2004)). The Court has supplemental jurisdiction over plaintiff's state law discrimination claim (NRS 613) because she has demonstrated that the Court has jurisdiction over her Title VII claims. 28 U.S.C. § 1367(a). "In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies...by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), as amended (Feb. 20, 2002), citing 42 U.S.C. § 2000e–5(b).

In her amended complaint, Miller alleges that after she applied for positions outside of her team and business unit, her supervisor and another worker Paulette Illio, conspired to have her suspended from work. ECF 6 at 4. Miller claims that her supervisor and Illio filed a false charge of reverse discrimination and sexual harassment. *Id.* Miller claims that these actions impacted her ability to be promoted out of her department. *Id.* After informing management of this disparate treatment, Miller claims management retaliated against her with another corrective action. *Id.* Similarly, Miller alleges that when she complained about the "monkey stain" on her cubicle wall, management retaliated by filing

an "unwarranted" corrective action against her. *Id.* at 2-3. Thus, the facts in the complaint adequately allege a prima facie case of retaliation.

### D. MILLER'S ALLEGATIONS THAT CVS HEALTH SUBJECTED HER TO A HOSTILE WORK ENVIRONMENT ARE LEGALLY SUFFICIENT

Hostile work environment is a theory of race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). *See Manatt v. Bank of Am., NA,* 339 F.3d 792, 797 (9th Cir. 2003). To state a claim for hostile work environment, a plaintiff must allege that: "(1) [she] was subjected to verbal or physical conduct because of [her] race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive work environment. In considering whether the discriminatory conduct was severe or pervasive, we look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 & n.3 (9th Cir. 2008).

Miller alleges a hostile work environment in both her first and second cause of action. ECF 6 at 2-3. Miller's amended complaint alleges that management humiliated and verbally attacked her over an incident involving a "monkey stain" on her cubicle wall. *Id.* at 2. The conducted was unwelcome and after she complained, management retaliated against her. *Id.* at 3. Miller alleges that after she attempted to seek opportunities outside of her team and her supervisor attempted to thwart her move by filing a false sexual harassment with CVS Health advice and counsel. *Id.* at 4. And when Miller complained about this false sexual harassment charge, she was given another unfounded correction action. *Id.* Given these facts, Miller presents a plausible claim for a hostile work environment.

## E. MILLER'S ALLEGATION THAT CVS SUBJECTED HER TO WORKPLACE HARRASSMENT ARE LEGALLY SUFFICIENT

The amended complaint groups retaliation and workplace harassment together. Reading that section liberally, Miller claims that she endured both retaliation and workplace harassment. Title VII makes it "an unlawful employment practice for an employer" to "discriminate against any individual with respect to" the "terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The Supreme Court has long recognized that the creation of a hostile work environment through harassment, is a form of proscribed discrimination. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 64–65, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). To be actionable, charged behavior need not drive the victim from her job, but it must be of such severity or pervasiveness as to pollute the working environment, thereby "alter[ing] the conditions of the victim's employment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Miller is an African American woman and protected under Title VII. In the amended complaint, Miller claims that her supervisors and at least one other employee, discriminated against her because of her race and her age. ECF 6 at 2-4. Miller claims she was (1) verbally attacked and humiliated (2) made to follow different procedures than other employees (3) discriminated against due to her age, and (4) given false disciplinary actions. *Id*. at 2-4.  Miller claims that when she attempted to leave her unit, her supervisor and another employee thwarted the attempt with false allegations. *Id.* at 4.  Given these allegations, Miller adequately demonstrates that the harassment was of "such severity ….as to pollute the working environment."

ACCORDINGLY,

IT IS ORDERED that Miller may now proceed with her claims against the defendants in his second amended complaint. (ECF No. 9).

IT IS FURTHER ORDERED that the Clerk of Court is directed to issue the summons.

IT IS FURTHER ORDERED that plaintiff must file a notice with the Court stating that she has served the defendants within 20 days of service. Plaintiff has 90 days to serve the defendants.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 13th day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE