**Marquis Aurbach**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Tye S. Hanseen, Esq.
Nevada Bar No. 10365
W. Reese Levins, Esq.
Nevada Bar No. 15951
10001 Park Run Drive
Reagan A. Weber, Esq.
Nevada Bar No. 16151
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
thanseen@maclaw.com
rlevins@maclaw.com
rweber@maclaw.com
  *Attorneys for Plaintiff Michele Danise Miller*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELE DANISE MILLER, | Case Number: |
| Plaintiff, | 2:22-cv-001150-JAD-VCF |
| vs. | **MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| LONGS DRUGS DBA CVS HEALTH, et al., | |
| Defendants. | |

Pursuant to Local Rule IA 11-6(b) and Rule 1.16 of the Nevada Rules of Professional Conduct ("NRPC"), the attorneys for the law firm Marquis Aurbach hereby move to withdraw as the attorneys of record for Plaintiff Michele Danise Miller ("Plaintiff").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION/STATEMENT OF FACTS.**

Marquis Aurbach has been representing the Plaintiff in this case as part of the Federal Pro Bono Program and through Legal Aid. Through the course of the representation, various issues have arisen that make it unreasonable for Marquis Aurbach to continue representing the Plaintiff.

/ / /

1  Marquis Aurbach advised Legal Aid of its reasoning for withdrawal and related
2  intentions. Legal Aid acknowledged Marquis Aurbach's intentions, informed it would return
3  the Plaintiff to the wait list for a potential new assignment of pro bono counsel, and advised
4  Marquis Aurbach to file this Motion.

5  To further facilitate the request and avoid prejudice to Plaintiff, Marquis Aurbach
6  has secured a 60-day extension of time, until August 2023, for Plaintiff to respond to
7  Defendant's pending Motion to Compel Arbitration and to Dismiss or Stay (ECF No. 24).
8  Further, there is no trial date and no pending discovery dates.

9  This Court is empowered with full discretion and authority to allow an attorney of
10 record to withdraw from the pending litigation. And, Marquis Aurbach believes it has
11 satisfied the requirements for such a withdrawal, as detailed in Local Rule IA 11-6 and
12 NRPC 1.16.

## II.   LEGAL STANDARDS

District of Nevada Local Rule LR IA 11-6 governs attorney appearances, substitutions, and withdrawals and states in relevant part:

**LR IA 11-6. APPEARANCES, SUBSTITUTIONS, AND WITHDRAWALS**

. . .

(b) No attorney may withdraw after appearing in a case except by leave of the court after notice has been served on the affected client and opposing counsel.

. . .

(d) Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case.

(e) Except for good cause shown, no withdrawal or substitution will be approved if it will result in delay of discovery, the trial, or any hearing in the case. Where delay would result, the papers seeking leave of the court for the withdrawal or substitution must request specific relief from the scheduled discovery, trial, or hearing. If a trial setting has been made, an additional copy of the moving papers must be provided to the clerk for immediate delivery to the assigned district judge, bankruptcy judge, or magistrate judge.

*See* LR IA 11-6.

In addition to the Local Rule IA 11-6, NRCP 1.16(b) discusses termination of representation and states in relevant part:

> **Rule 1.16. Declining or Terminating Representation.**
>
> (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> (1) The representation will result in violation of the Rules of Professional Conduct or other law;
>
> . . .
>
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> . . .
>
> (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
>
> . . .
>
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) Other good cause for withdrawal exists.
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

### III. LEGAL ARGUMENT

Marquis Aurbach asserts the circumstances of the representation and the case satisfy both Legal Standards detailed above and discusses the related arguments below.

///

///

MAC:08988-181 5100697_2

### A. MARQUIS AURBACH HAS SATISFIED THE LOCAL RULE IA 11-6 REQUIREMENTS.

As detailed below, Marquis Aurbach has satisfied Local Rule IA 11-6's requirements. **First**, as to subsection (b) of the Rule, Marquis Aurbach has communicated with Defendant's counsel, Plaintiff, and even Legal Aid regarding its intentions to withdraw. Further, Marquis Aurbach is serving this Motion on Plaintiff and Defendant's counsel. **Second**, as for subsections (d) and (e), Marquis Aurbach's withdrawal will not unreasonably delay pre-trial proceedings, discovery, trial, or any hearings. Discovery is not yet open and there is no trial date. Further, there is no hearing date. Finally, the only deadline is Plaintiff's deadline to respond to ECF No. 24, which Defendant's counsel has agreed to continue until August 2023 to allow time for Marquis Aurbach to withdraw and for Legal Aid and Plaintiff to secure new counsel, if desired. Thus, Marquis Aurbach has satisfied Local Rule IA II-6's requirements.

### B. MARQUIS AURBACH'S WITHDRAWAL IS APPROPRIATE UNDER THE NEVADA RULES OF PROFESSIONAL CONDUCT.

Marquis Aurbach will not reveal privileged attorney-client communications. Suffice it to say, subsections (a)(1), (b)(4), (b)(6), and (b)(7) are relevant to Marquis Aurbach's rationale for withdrawal.

In addition, regarding subsection (b)(1), Marquis Aurbach's withdrawal may also be accomplished without material adverse effect on the interests of the Plaintiff. There is not a scheduling order yet in the case, discovery is not being conducted, and there is no trial date. And, the parties have continued only deadline for Plaintiff to respond to ECF No. 24 until August 2023, which will also allow Legal Aid and Plaintiff to work towards securing new pro bono counsel, if desired. Thus, there is no material adverse effect on the Plaintiff.

Regarding subsections (c) and (d), through Marquis Aurbach's filing of this Motion, it has complied with applicable law requiring notice to or permission to withdraw. In addition, as detailed above, Marquis Aurbach has given reasonable notice to the Plaintiff of the request to withdraw and also has secured an additional 60 days for Plaintiff to retain new counsel, if desired.

IV. **CONCLUSION**

Based on the foregoing, Marquis Aurbach respectfully requests that it be relieved of its obligations in this matter and permitted to withdraw as counsel of record. Further, it is requested that this firm be removed from the ECF platform in relation to Plaintiff and this case.

Plaintiff's mailing and email addresses are:

Michele Miller

247 Eastdale Rd, S., Apt H., Montgomery, AL 36117

mmiller143@hotmail.com

Dated this 25th day of May, 2023.

MARQUIS AURBACH

By */s/ Reagan A. Weber, Esq.*
Nick D. Crosby, Esq.
Nevada Bar No. 8996
Tye S. Hanseen, Esq.
Nevada Bar No. 10365
W. Reese Levins, Esq.
Nevada Bar No. 15951
Reagan A Weber, Esq.
Nevada Bar No. 16151
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff
Michele Danise Miller

**IT IS SO ORDERED**

**DATED:** 3:26 pm, May 29, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**