UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michele Denise Miller,<br><br>    Plaintiff<br><br>v.<br><br>Long Drugs dba CVS Health, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01150-JAD-VCF<br><br>**Order Granting Defendant's Motion to Compel Arbitration**<br><br>[ECF No. 24] |

Pro se plaintiff Michele Denise Miller sues CVS Health for retaliation and employment discrimination based on her age and race. CVS moves to compel arbitration, presenting evidence that Miller electronically signed a binding arbitration agreement that applies to all of her claims. Miller argues that the arbitration agreement CVS sent her was forged and asks for an evidentiary hearing to determine whether the document is authentic. But CVS has rebutted Miller's attempt to prove forgery, and all of the credible evidence shows that Miller signed the arbitration agreement before she started at CVS. So I grant CVS's motion to compel arbitration and dismiss this case.

**Discussion**

**A.    The Federal Arbitration Act (FAA)**

The FAA states that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy" arising out of the contract or transaction "shall be valid, irrevocable, and enforceable save upon grounds as exist at law or in equity for the revocation of any contract."[1] It permits any party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to

---

[1] 9 U.S.C. § 2. The parties do not dispute that the FAA governs this arbitration agreement.

petition any federal district court for an order compelling arbitration in the manner provided for in the arbitration agreement.[2] The FAA "establishes a federal policy favoring arbitration, requiring that [courts] rigorously enforce agreements to arbitrate,"[3] and provides "that [if a] contract contains an arbitration clause, there is a presumption of arbitrability."[4] "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'"[5]

**B.     Miller signed a binding arbitration agreement.**

CVS attaches an arbitration agreement, dated May 17, 2019, with Miller's electronic signature affixed.[6] That agreement covers "any and all claims, disputes[,] or controversies . . . that you may have . . . against CVS," including claims for "harassment, discrimination, retaliation[,] and termination arising under the Civil Rights Act of 1964, Americans with Disabilities Act, [and the] Age Discrimination in Employment Act."[7] CVS also presents an affidavit from the company's Vice President of Human Resources explaining that the new-employee portal that was used to fill out new-hire paperwork can be accessed only through a

---

[2] *Id.* at § 4.

[3] *Shearson/Am. Exp. Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (cleaned up).

[4] *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)) (internal quotation marks omitted).

[5] *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean v. Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (affirming district court's dismissal of arbitrable claims, noting that "[a]lthough the [FAA] provides for a stay pending compliance with a contractual arbitration clause . . . a request for a stay is not mandatory").

[6] ECF No. 24-2.

[7] *Id.* at ¶ 2.

unique username and password and evidence that Miller filled out other new-hire forms within the same hour that she signed the arbitration agreement, including a direct-deposit form requesting unique account numbers that only Miller would know.[8]

Miller contends that she did not sign that arbitration agreement and argues that the document that CVS attached is a forgery.[9] It is "well settled that [if] the [arbitrability] dispute at issue concerns contract formation, the dispute is generally for courts to decide."[10] "Only when there is no genuine dispute of fact concerning the formation of the [arbitration] agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement."[11] "[W]hen considering a motion to compel arbitration [that] is opposed on the ground that no agreement to arbitrate has been made between the parties, [the court] should give to the opposing party the benefit of all reasonable doubts and inferences that may arise."[12] The party seeking to compel arbitration "must prove by a preponderance of evidence that the parties formed an agreement to arbitrate."[13]

Miller contends that the arbitration agreement CVS relies on was forged because the document version CVS sent her before filing this motion contained a "blemish at the top left-

---

[8] ECF No. 24-3 at 1–5, 11.

[9] ECF No. 30.

[10] *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 296 (2010).

[11] *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) (finding that, "to require the plaintiffs to arbitrate where they deny that they entered into the contracts would be inconsistent with the first principle of arbitration that a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit" (cleaned up)).

[12] *Id.*

[13] *Reichart v. Rapid Inv., Inc.*, 56 F.4th 1220, 1227 (9th Cir. 2022) (citing *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014)).

hand corner giving rise to the [possibility of] digital document tampering."[14] She also insists that she couldn't have signed the documents at the time and date the CVS portal reflects because she hadn't started at CVS until a few days later, and she attaches a declaration by fellow CVS employee Rochelle Gray stating that, "when [she] started at CVS . . . we did all HR paperwork during the orientation on site."[15] She also presents evidence that she was driving a shuttle bus for the Electric Daisy Carnival when the CVS portal shows that she signed the document and she didn't have access to a "secure network" through which to access the portal at that time.[16]

In its reply, CVS provides evidence to rebut Miller's contention that she could not have signed the agreement. It attaches another human-resources declaration explaining that employees may fill out their new-hire paperwork before their first day and they don't need access to a secure network to do so.[17] CVS also avers that the timestamps on its new-hire portal are recorded in Eastern Daylight time.[18] So Miller's contention that she was working at 3:00 P.M. in Las Vegas (and thus in Pacific Daylight Time) does not disprove that she signed the paperwork at 3:00 P.M. Eastern Daylight Time (i.e., 12:00 P.M. PDT).

On this record, I find that there is no genuine dispute that Miller signed the arbitration agreement on May 17, 2019. Her contention that a smudge on the digital version of the agreement she was sent means that the document was forged is not supported by any competent, expert review. And CVS provided ample evidence that Miller logged into the portal on May 17, 2019, and filled out myriad forms, including some containing confidential information that only

---

[14] ECF No. 30 at 3.
[15] ECF No. 30-4 at 1.
[16] ECF No. 30-3 at ¶ 9.
[17] ECF No. 31-2 at ¶ 7.
[18] *Id.* at ¶ 18.

she would know.  Miller does not dispute that she filled out those documents, and she does not present any competent evidence to suggest that someone else affixed her signature to the arbitration agreement.  Her evidence showing that she was working at the EDC festival at 3:00 P.M. *PDT* does not undermine CVS's evidence showing that the agreement was signed almost three hours earlier at 3:23 P.M. *EDT*.  And Miller's attempt to show that new hires typically fill out their paperwork on their first day does not create a genuine dispute with CVS's affidavit explaining that employees may complete the bulk of that work before they start.  The affidavit she attaches merely shows that another employee filled out some paperwork on her first day—it does not show that Miller was prohibited from doing so earlier.  So, construing all of the facts in Miller's favor, I find that there is no genuine dispute that Miller signed the arbitration agreement, and I deny her request for an evidentiary hearing.  Because CVS has shown by a preponderance of evidence that Miller signed an arbitration agreement that governs her discrimination and retaliation claims in this case, I grant CVS's motion and dismiss this case.

## Conclusion

IT IS THEREFORE ORDERED that CVS Health's motion to compel arbitration **[ECF No. 24] is GRANTED**.  This action is DISMISSED without prejudice to arbitration.  **The Clerk of Court is directed to CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 27, 2023

5