UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michele D Miller,<br><br>                Plaintiff(s),<br><br>vs.<br><br>Longs Drug Stores California, LLC,<br><br>                Defendant(s). | 2:22-cv-01150-JAD-MDC<br><br>**ORDER GRANTING MOTION TO STRIKE (ECF No. 57) AND STRIKING NOTICE (ECF No. 53) OF NEW EVIDENCE IN SUPPORT OF MOTIONS WITHOUT PREJUDICE** |

Pending before the Court is defendant's *Motion to Strike* (ECF No. 57). For the reasons stated below, the Court GRANTS the motion and strikes, without prejudice, the *Notice of New Evidence in Support of Motion to Lift Stay of Proceedings and Reconsider Prior Ruling* (ECF No. 53) ("Notice").

**DISCUSSION**

**I.  RELEVANT PROCEDURAL SUMMARY**

This is a case arising from an alleged violations of Title VII of the Civil Rights Act (1964) and Title 29 U.S.C. § 623. Plaintiff alleges race color discrimination under Title VII and age discrimination under Title 29.

On May 19, 2023, defendant filed a *Motion to Compel Arbitration. ECF No. 24*. On November 27, 2023, the district judge granted the motion to compel arbitration and dismissed the case without prejudice. *11/27/23 Order, ECF No. 37*. On December 26, 2023, plaintiff filed a Notice of Appeal (ECF No. 40) of the district judge's 11/27/23 Order.  After plaintiff filed her Notice of Appeal, the parties were contacted by a Ninth Circuit Mediator in February 2024 to discuss potential appellate mediation. *ECF No. 53 at 2*.  The parties agreed and participated in a Ninth Circuit Appellate Mediation session on May 21, 2024 (*ECF No. 53-1*), which was unsuccessful.

On February 11, 2025, the Ninth Circuit vacated the dismissal order and remanded with instruction to issue a stay pending arbitration. *See ECF Nos. 46, 50*. The district judge then stayed the case pending arbitration. *See ECF No. 50.*

On March 27, 2025, plaintiff filed her *Motion to Lift Stay of Proceedings and Reconsider Prior Ruling Reconsider* (ECF No. 51) ("Motion to Reconsider") seeking reconsideration of the district judge's prior orders compelling arbitration (ECF No. 37) and staying the action pending arbitration (ECF No. 50). As the sole grounds for reconsideration, plaintiff offers "newly discovered evidence concerning electronic signature forgery" of the arbitration agreement at issue. *See ECF No. 51 at 1.* On April 9, 2025, plaintiff filed her Notice (ECF No. 53). By her Notice, plaintiff seeks to supplement her *Motion for Reconsideration* with evidence that defendant participated in the May 21, 2024, Ninth Circuit Appellate Mediation, which plaintiff claims is "newly discovered." *ECF No. 53 at 1:21-23.* On April 10, 2025, defendant filed its *Opposition* (ECF No. 54) to plaintiff's *Motion to Reconsider* and, on April 21, 2025, filed its *Motion to Strike* (ECF No. 57) plaintiff's Notice.

**II. MOTION TO STRIKE**

Defendant seeks to strike Plaintiff's Notice pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7-2(g).

**A. Plaintiff's Notice May Not Be Struck Pursuant To Rule 12(f)**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may, on its own or on motion, "strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f)(1), (2) (emphasis added). "Under the express language of the rule, only pleadings are subject to motions to strike." *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (holding the trial court erred in striking plaintiff's motion to reconsider because it was not a pleading)). Rule 7(a), defines a pleading as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). Plaintiff's Notice (ECF No. 53) is not a pleading and therefore, cannot be struck per Rule 12(f).

**B. Plaintiff's May Be Struck Per Local Rule 7-2(g)**

Local Rule 7-2(g) states:

> Supplementation prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court.

*Id.*

Plaintiff did not comply with LR 7-2(g) and did not seek leave prior to filing her Notice. While I am sympathetic to plaintiff's *pro se* status, pro se litigants must comply with the Federal Rules of Civil Procedure and the Local Rules of the court in which litigation is proceeding. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorable than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (pro se litigants expected to abide by the rules of the court in which litigation proceeds).

Moreover, plaintiff does not offer any good cause that would otherwise support leave. Manifestly, plaintiff's Notice regarding the May 2024 Ninth Circuit mediation is not based on "newly discovered evidence" and plaintiff offers no explanation for her delay or omission from her *Motion for Reconsideration*

Therefore, the Court GRANTS defendant's *Motion to Strike* (ECF No. 57) and strikes, without prejudice plaintiff's Notice (ECF No. 53) pursuant to LR 7-2(g). Plaintiff may seek leave to supplement her motion for reconsideration and show good cause, if any, that would support leave to supplement her Motion for Reconsideration with discussion and evidence regarding the May 2024 Ninth Circuit mediation.

### III. CONCLUSION

Motions to strike under Rule 12(f) apply only to pleadings. A supplement providing for new evidence in support of a motion for reconsideration is not a pleading, as defined in Rule 7(a). Therefore, the Court cannot grant the motion to strike under Rule 12(f). However, the Court can strike the *Notice of New Evidence* (ECF No. 53) pursuant to LR 7-2(g) because plaintiff failed to move for leave and no good cause exists for such leave. Therefore, the Court GRANTS defendant's Motion to Strike (ECF No. 57).

ACCORDINGLY,

**IT IS ORDERED** that the *Motion to Strike* (ECF No. 57) is **GRANTED,** and plaintiff's Notice (ECF No. 53) shall be **STRUCK** from the docket without prejudice.

DATED this 8th day of May 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge