UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Michele Denise Miller,

    Plaintiff

v.

Long Drugs dba CVS Health, et al.,

    Defendants

Case No.: 2:22-cv-01150-JAD-VCF

**Order Denying Further Relief in Case Stayed Pending Arbitration**

[ECF Nos. 51, 52, 62, 63, 69, 72, 73]

    Pro se plaintiff Michele Denise Miller sued CVS Health for retaliation and employment discrimination based on her age and race. Nearly two years ago, I granted CVS's motion to compel arbitration, finding that Miller had electronically signed a binding agreement to arbitrate her claims despite her unsupported insistence that the signed document CVS produced was forged, and dismissed the case.[1] Miller both appealed that ruling and moved for reconsideration, arguing that she could provide new evidence showing genuine disputes about the agreement's authenticity and urging the court to let her present her forgery claims to a jury.[2] I denied the motion for reconsideration because the new evidence wasn't new, nor did it persuade me to change my ruling.[3]

    In February of this year, the Ninth Circuit decided Miller's appeal.[4] It remanded for me to swap out my dismissal for a stay based the Supreme Court's intervening 2024 opinion in

---

[1] ECF No. 37.
[2] ECF No. 38.
[3] ECF No. 45.
[4] ECF No. 46.

*Smith v. Spizziri*.[5] But it declined to address the merits of Miller's challenge to the decision to compel arbitration, noting that *Spizziri* prohibits "appeals of orders compelling arbitration until the completion of arbitration" once a stay is entered.[6]

Miller again moves for reconsideration.[7] She asks me to lift the stay of proceedings that was entered at the direction of the Ninth Circuit Court of Appeals, and she urges me to reconsider my November 2023 order compelling arbitration based on allegedly "new" evidence that her signature on the arbitration agreement was forged.[8] To this second motion for reconsideration Miller piles on a motion to change or transfer venue,[9] two motions to supplement her reconsideration request,[10] a motion to correct the defendant's name,[11] and a motion asking to "enforce the Ninth Circuit Mandate" and "restore" the docket to "active status."[12]

This second request for reconsideration of the arbitration order that is nearly two years old is untimely and improper. Serial requests for reconsideration are not permitted, and this court's local rule 59-1(c) requires motions for reconsideration to "be brought within a reasonable time."[13] The fact that this court has already considered and denied Miller's similar motion for

---

[5] *Smith v. Spizziri*, 601 U.S. 472 (2024).
[6] ECF No. 46 at 3 (quoting *Spizziri*, 601 U.S. at 478).
[7] ECF No. 51.
[8] *Id*. at 1.
[9] ECF No. 52.
[10] ECF Nos. 62, 69.
[11] ECF No. 63.
[12] ECF Nos. 72, 73.
[13] L.R. 59-1(c).

reconsideration[14] of the order compelling arbitration is reason enough to deny this second motion.

The Ninth Circuit's order directing this court to stay this case pending arbitration is a second reason. As Miller herself points out, "[t]he Ninth Circuit's mandate is binding and must be executed 'without variance or examination, only execution.'"[15] The Ninth Circuit remanded this case and directed this district court to enter a stay pending arbitration,[16] and that is exactly what my "Order Staying Case Pending Arbitration" did on May 10, 2025.[17] So this case is stayed pending the completion of the arbitration proceedings by mandate of the Ninth Circuit.[18] Because arbitration has been compelled and this case is stayed, all further relief that Miller seeks for this case (except an ultimate motion to lift the stay to confirm or vacate the arbitration award and related post-arbitration motions) must be presented to the arbitrator and not to this court.

IT IS THEREFORE ORDERED that the motion for reconsideration **[ECF No. 51] is DENIED.** This case remains stayed, and the November 27, 2023, order compelling arbitration remains in force (except that the case is just stayed now, not dismissed). IT IS FURTHER ORDERED that the requests to enforce the Ninth Circuit mandate and to restore the docket to active status **[ECF Nos. 72, 73] are DENIED** because the mandate is being enforced by keeping

---

[14] ECF No. 45.

[15] ECF No. 72 at 3 (internal citations omitted).

[16] ECF No. 46.

[17] ECF No. 50.

[18] Miller expresses concern that this case is "terminated." ECF No. 72 at 2. It is not "terminated" or dismissed—it was "administratively closed" while the parties arbitrate. ECF No. 50. This is standard procedure for cases that get sent to arbitration; once arbitration is completed, a party may file a proper motion to lift the stay and also seek to confirm or vacate the arbitration award. But because the court will take no other action while a case is in arbitration, the case gets "administratively closed."

3

this stay in place pending the completion of the arbitration, and this case is properly administratively closed.

And because all further requests for relief must be addressed to the arbitrator, IT IS FURTHER ORDERED that all other pending motions **[ECF Nos. 52, 62, 63, and 69] are DENIED** without prejudice to Miller's ability to raise those issues in the arbitration proceeding.

**Miller is cautioned that further requests for reconsideration or relief from the order compelling arbitration will be summarily denied.**

_____
U.S. District Judge Jennifer A. Dorsey
September 12, 2025